IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | C O M P L A I N T |
| ALL STAR PERSONNEL, INC. & SIMS RECYCLING SOLUTIONS, INC., | ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Tammy Little. As alleged with greater particularity in paragraphs 16 and 17 below, the Commission alleges that Defendants All Star Personnel, Inc. and Sims Recycling Solutions, Inc. either discharged or failed to hire Ms. Little, a qualified individual with a disability, because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, All Star Personnel, Inc. (the "Defendant Employer" or "All Star"), a Tennessee corporation, has continuously been doing business in the State of Tennessee and the City of LaVergne, and has continuously had at least 15 employees.

5. At all relevant times, All Star has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, All Star has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant, Sims Recycling Solutions, Inc. (the "Defendant Employer" or "Sims"), an Illinois corporation, has continuously been doing business in the State of Tennessee and the City of LaVergne, and has continuously had at least 15 employees.

8. At all relevant times, Sims has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

2

Case 3:15-cv-00136   Document 1   Filed 02/13/15   Page 2 of 8 PageID #: 2

9. At all relevant times, Sims has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

10. More than thirty days prior to the institution of this lawsuit, Tammy Little filed a charge with the Commission alleging violations of the ADA by Defendant Employers.

11. On September 30, 2014, the Commission issued to each Defendant Employer, a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. The Commission issued a Notice of Failure of Conciliation to Sims on December 23, 2014, and to All Star on January 7, 2015, advising each Defendant that the Commission was unable to secure from that Defendant a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since on or about March 20, 2013, Defendant Employers All Star and Sims have engaged in unlawful employment practices at Sims' facility in LaVergne, Tennessee, in violation of Section § 102(a) and (b) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b).

15. Little is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Little has an impairment, deafness, that substantially limits the major life activity of hearing. Defendant Employers subjected Little to an adverse employment action, termination, because of her disability, deafness.

16. The unlawful employment practices include discharging Little from a position at one of Sims' facilities (or, in the alternative, failing to hire or place Little in such a position) because

of her disability.

    (a)    On or about March 20, 2013, All Star sent Little to work at Sims' facility. This assignment began with training and orientation.

    (b)    At all relevant times, Little has had cochlear implants, which are devices that assist the user in perceiving sound. These are visible to anyone who sees her.

    (c)    After Little arrived at Sims' facility, but before orientation started, All Star's on-site manager became aware of Little's hearing impairment and discussed it with a Sims human resources representative.

    (d)    Defendant Employers allege that they then subjected Little to an ad-hoc hearing test. Without Little's knowledge, as she was sitting in the lunch room at Sims' facility before orientation began, one or more agents of Defendant Employers allegedly called Little by name several times while her back was turned and she was watching a video, and Little did not respond until the last time.

    (e)    A few minutes later, Defendant Employers informed Little that she could not work at Sims' facility because of concerns about her deafness.

    (f)    At the time that this ad hoc hearing test was allegedly performed, Little had turned down her hearing aids, since it was noisy in the lunch room and she was waiting for orientation to start.

17.    The effect of the practices complained of in paragraph 16 above has been to deprive Little of equal employment opportunities and otherwise adversely affect her status as an employee or an applicant for employment, because of her disability.

18.    The unlawful employment practices complained of in paragraphs 16 and 17 above were intentional.

19. The unlawful employment practices complained of in paragraphs 16 and 17 above were done with malice or with reckless indifference to the federally protected rights of Little.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer All Star Personnel, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing or refusing to hire (and from discharging) an employee because of disability.

B. Grant a permanent injunction enjoining Defendant Employer Sims Recycling Solutions, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing or refusing to hire (and from discharging) an employee because of disability.

C. Order Defendant Employer All Star Personnel, Inc., to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer Sims Recycling Solutions, Inc., to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant Employer All Star Personnel, Inc., to make whole Tammy Little, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment

5

practices, including but not limited to rightful-place hiring or reinstatement of Tammy Little, or alternatively awarding her front pay.

F.      Order Defendant Employer Sims Recycling Solutions, Inc., to make whole Tammy Little, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or reinstatement of Tammy Little, or alternatively awarding her front pay.

G.      Order Defendant Employer All Star Personnel, Inc., to make whole Tammy Little by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 16 and 17 above, in amounts to be determined at trial.

H.      Order Defendant Employer Sims Recycling Solutions, Inc., to make whole Tammy Little by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 16 and 17 above, in amounts to be determined at trial.

I.      Order Defendant Employer All Star Personnel, Inc., to make whole Tammy Little by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 16 and 17 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

J.      Order Defendant Employer Sims Recycling Solutions, Inc., to make whole Tammy Little by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 16 and 17 above, including emotional pain,

suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

K.     Order Defendant Employer All Star Personnel, Inc., to pay Tammy Little punitive damages for its malicious and/or reckless conduct, as described in paragraphs 16 and 17 above, in amounts to be determined at trial.

L.     Order Defendant Employer Sims Recycling Solutions, Inc., to pay Tammy Little punitive damages for its malicious and/or reckless conduct, as described in paragraphs 16 and 17 above, in amounts to be determined at trial.

M.     Grant such further relief as the Court deems necessary and proper in the public interest.

O.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730

Equal Employment Opportunity Commission
1407 Union Ave, Suite 901
Memphis, TN 38104
901-544-0088

*Mark Chen* (with permission)
_____
MARK CHEN
Senior Trial Attorney
TN Bar No. 014268

Equal Employment Opportunity Commission
220 Athens Way, Suite 350
Nashville, TN 37228-9940
615-736-5784