IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 3:15-cv-00136<br>) |
| v. | ) Judge Sharp<br>) Magistrate Judge Knowles |
| ALL STAR PERSONNEL, INC. & SIMS RECYCLING SOLUTIONS, INC., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## ANSWER OF DEFENDANT SIMS RECYCLING SOLUTIONS, INC.

Defendant Sims Recycling Solutions, Inc. ("Sims") hereby answers the Complaint as follows.

### NATURE OF THE ACTION

Sims admits that Plaintiff has asserted certain claims against Sims and Defendant All Star Personnel, Inc. ("All Star") but denies the validity of those claims. Sims denies the remainder of the allegations set forth in the "Nature of the Action" paragraph of the Complaint.

### JURISDICTION AND VENUE

1. Sims denies the remainder of the allegations set forth in Paragraph 1 of the Complaint as stated.

2. Sims admits that venue is proper in this Court but denies the validity of Plaintiff's claims. Sims denies the remainder of the allegations set forth in Paragraph 2 of the Complaint.

### PARTIES

3. Sims admits the allegations set forth in Paragraph 3 of the Complaint.

4. Upon information and belief, Sims admits the allegations set forth in Paragraph 4 of the Complaint.

5. Upon information and belief, Sims admits the allegations set forth in Paragraph 5 of the Complaint.

6. Sims is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies such allegations.

7. Sims admits the allegations set forth in Paragraph 7 of the Complaint.

8. Sims admits the allegations set forth in Paragraph 8 of the Complaint.

9. Sims denies the allegations set forth in Paragraph 9 of the Complaint as stated.

## ADMINISTRATIVE PROCEDURES

10. Sims admits that more than thirty days prior to the institution of this lawsuit, Tammy Little filed a Charge with the Commission alleging that Sims violated the ADA. Sims is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding All Star that are set forth in Paragraph 10 of the Complaint and therefore denies such allegations. Sims denies the remainder of the allegations set forth in Paragraph 10 of the Complaint.

11. Sims is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding All Star that are set forth in Paragraph 11 of the Complaint and therefore denies such allegations. Sims denies the remainder of the allegations set forth in Paragraph 11 of the Complaint.

12. Sims is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding All Star that are set forth in Paragraph 12 of the Complaint and

therefore denies such allegations. Sims denies the remainder of the allegations set forth in Paragraph 12 of the Complaint.

13. Sims denies the allegations set forth in Paragraph 13 of the Complaint.

## STATEMENT OF CLAIMS

14. Sims denies the allegations set forth in Paragraph 14 of the Complaint.

15. Sims is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies such allegations.

16. Sims denies the allegations set forth in Paragraph 16 of the Complaint.

   (a) Sims is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16(a) of the Complaint and therefore denies such allegations.

   (b) Sims is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16(b) of the Complaint and therefore denies such allegations.

   (c) Sims is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16(c) of the Complaint as to All Star and therefore denies such allegations. Sims denies the remainder of the allegations set forth in Paragraph 16(c) of the Complaint.

   (d) Sims is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16(d) of the Complaint as to All Star and therefore denies such allegations. Sims denies the remainder of the allegations set forth in Paragraph 16(d) of the Complaint.

(e) Sims is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16(e) of the Complaint as to All Star and therefore denies such allegations. Sims denies the remainder of the allegations set forth in Paragraph 16(e) of the Complaint.

(f) Sims is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16(f) of the Complaint and therefore denies such allegations.

17. Sims denies the allegations set forth in Paragraph 17 of the Complaint.

18. Sims denies the allegations set forth in Paragraph 18 of the Complaint.

19. Sims denies the allegations set forth in Paragraph 19 of the Complaint.

## PRAYER FOR RELIEF

Sims denies the allegations set forth in the Prayer for Relief section of the Complaint and denies that Plaintiff is entitled to any of the relief set forth in that Paragraph and further denies that Plaintiff is entitled to any relief in this action.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Sims is not a proper Defendant in this action because it was not, at any time, an employer with respect to Tammy Little.

3. Some or all of Plaintiff's claims are barred because all administrative remedies have not been properly exhausted, including, but not limited to, the obligation to conciliate in good faith prior to instituting this action. To the extent such obligation is deemed jurisdictional, jurisdiction is denied.

4. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination filed with the EEOC.

5. Without conceding that Plaintiff or Tammy Little is entitled to recover any damages, Plaintiff's claims for damages on behalf of Tammy Little are due to be offset by any amounts Tammy Little has earned since the events complained of in the Complaint and/or are barred by Tammy Little's failure to mitigate damages.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, laches, estoppel, and/or unclean hands.

7. Sims did not have actual or constructive knowledge of any of the alleged improper acts alleged in the Complaint at any time material to the Complaint.

8. Sims engaged in good faith efforts to comply with the applicable laws. Moreover, the conduct complained of, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of applicable law, and therefore, Plaintiff fails to state a claim for punitive damages.

9. Sims is not liable for punitive damages because neither Sims, nor any of its employees sufficiently high in their corporate hierarchy, committed any act with malice or reckless indifference to Tammy Little's federally protected rights, or approved, authorized, or ratified, or had actual knowledge, of any such acts.

10. Plaintiff has failed to allege any facts that would, if proven, provide a basis for awarding punitive damages.

11. To the extent Plaintiff is seeking an amount of punitive damages that can be deemed excessive, such a claim violates due process.

12. The Complaint does not describe the claims asserted against Sims with sufficient particularity to enable Sims to determine all of the defenses and/or claims available to Sims in response to this action. Sims reserves the right to assert all defenses and/or claims that may be applicable to the Complaint until such time as the precise nature of the various defenses and/or claims is ascertained and all facts are discovered.

WHEREFORE, Defendant Sims Recycling Solutions, Inc. respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, award Sims its costs and attorney's fees incurred in this action, and award Sims any such other relief that this Court deems just and proper.

Respectfully submitted,

/s/ Elizabeth S. Washko
Elizabeth S. Washko, TN #019931
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908

Attorneys for Defendant Sims Recycling
Solutions, Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 20, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Faye A. Williams, Esq.
Gerald Thornton, Esq.
Equal Employment Opportunity Commission
1407 Union Ave., Suite 901
Memphis TN 38104

Mark Chen, Esq.
Equal Employment Opportunity Commission
220 Athens Way, Suite 350
Nashville TN 37228-9940

K. Coe Heard, Esq.
Waller, Lansden, Dortch & Davis, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville TN 37219

                                                       /s/ Elizabeth S. Washko

20971371.1